IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

J.J. CREWE & SON, INC.                   *
PROFIT SHARING PLAN, *et al.,*

                                *

     Plaintiffs,

                                *

       v.                          Civil Action No. RDB-11-2924

                                *

CHAD E. ORYE,

                                *

     Defendant.

                                *

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## <u>MEMORANDUM OPINION</u>

Plaintiffs J.J. Crewe & Son, Inc., Profit Sharing Plan and J.J. Crewe & Son, Inc. as

Plan Administrator of the Profit Sharing Plan (collectively "Plaintiffs") have brought this

action against Chad E. Orye ("Defendant" or "Mr. Orye") to recover lump-sum pension

benefits in the amount of $16,442.69 plus accrued interest allegedly disbursed to Mr. Orye in

error.  Plaintiffs' claims for the establishment of a constructive trust and/or equitable lien

(Count I) and for unjust enrichment (Count II) arise under Section 502(a)(3) of the

Employee Retirement Income Security Act of 1974 ("ERISA"), codified as amended at 29

U.S.C. § 1132(a)(3).[1]  Plaintiffs seek a preliminary injunction; imposition of a constructive

trust or equitable lien over Mr. Orye's funds in the amount of $16, 442.69; a money

judgment for the same amount; pre-judgment and post-judgment interest; as well as

attorney's fees.  Pending before this Court is Defendant Chad Orye's Motion to Dismiss

---

[1] As explained *infra* and previously set forth in Judge Hollander's opinion in *J.J. Crewe & Son, Inc. Profit Sharing Plan, et al. v. Talbot*, ELH-11-2871, 2012 WL 1994778 at *8 (D. Md. June 1, 2012), the Complaint in this case essentially asserts a single cause of action for unjust enrichment with two requests for relief.

(ECF No. 7) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Mr. Orye

has not retained counsel and is proceeding *pro se* in this case.  The parties' submissions have

been reviewed and no hearing is necessary.  *See* Local Rule 105.6 (D. Md. 2011).  For the

reasons that follow, Defendant Chad E. Orye's Motion to Dismiss (ECF No. 7) is DENIED

in part and GRANTED in part.  Specifically, the motion is DENIED with respect to Count

I of Plaintiffs' Complaint, but GRANTED with respect to Count II of Plaintiffs' Complaint,

which is DISMISSED WITH PREJUDICE.

## BACKGROUND

When considering a motion to dismiss under Rule 12(b)(6), this Court accepts as true

the facts alleged in the plaintiffs' complaint.  *See Aziz v. Alcolac, Inc.*, 658 F.3d 388, 390 (4th

Cir. 2011).  J.J. Crewe & Son, Inc. Profit Sharing Plan ("the Plan") "is an ERISA-covered

pension plan within the meaning of ERISA § 3(1), 29 U.S.C. § 1002(1)."  Pl.'s Compl. ¶ 1,

ECF No. 1.  J.J. Crewe & Son, Inc. ("J.J. Crewe") "is the 'administrator' and 'fiduciary' of the

Plan" as defined by ERISA under 29 U.S.C. §§ 1002(16), (21) and as such "has the

discretionary authority to interpret the Plan, to exercise control over disbursements of assets

in the Plan, and" to administer the Plan.  *Id.*  During his employment with J.J. Crewe from

August 9, 1999 to September 28, 2006, Mr. Orye was a "participant in the Plan."  *Id.* ¶¶ 2, 5.

According to Plaintiffs, after his voluntary resignation, Mr. Orye was disbursed a lump-sum

distribution of $37,154.59 on March 24, 2009.  *Id.* ¶¶ 5,6.  Following "a routine internal

review of the Plan, J.J. Crewe discovered that Mr. Orye" had received a larger distribution

than the one to which he was entitled.  *Id.* ¶¶ 6,7.  Specifically, Mr. Orye had received a

surplus of $16,442.69.  *Id.* ¶ 6.  This prompted Plaintiffs to contact Mr. Orye on "three

separate occasions, by both regular mail and certified mail," to explain the error and seek a reimbursement of the funds. *Id.* ¶ 8. However, Mr. Orye allegedly failed to respond to these communications.[2] *Id.*

On June 23, 2011, Plaintiffs again informed Mr. Orye of the error in his distribution amount, requested that funds in the amount of $16,442.69 be returned, and indicated that should Mr. Orye fail to comply, Plaintiffs would file a civil action to seek restitution of the funds. *Id.* ¶ 9. Faced with Mr. Orye's non-compliance, Plaintiffs filed the present action in this Court. Simultaneously, Plaintiffs filed a similar action, alleging similar facts, and requesting similar remedies against Mr. Christopher Talbot. *See J.J. Crewe & Son, Inc. Profit Sharing Plan, et al. v. Talbot*, ELH-11-2871, ECF No. 1. The two cases are identical in claiming overpayment of employee pension benefits. Accordingly, a very thorough opinion already having been issued in the *Talbot* case by Judge Hollander of this Court, the undersigned adopts its reasoning and analysis. For the reasons that follow, Defendant Chad E. Orye's Motion to Dismiss (ECF No. 7) is DENIED in part and GRANTED in part. Specifically, the motion is DENIED with respect to Count I of Plaintiffs' Complaint, but GRANTED with respect to Count II of Plaintiffs' Complaint, which is DISMISSED WITH PREJUDICE.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "[T]he purpose of

---

[2] While Mr. Orye concedes that he did not send any written responses to Plaintiffs' letters, he claims that he communicated with Plaintiffs' and its attorneys by telephone. Def. Mot. to Dismiss at 4, ECF No. 7.

Rule 12(b)(6) is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006); *see also McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010) (citation omitted). When ruling on such a motion, the court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).

A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Simmons v. United Mort. and Loan Inv., LLC*, 634 F.3d 754, 768 (4th Cir. Jan. 21, 2011); *Andrew v. Clark*, 561 F.3d 261, 266 (4th Cir. 2009). To survive a Rule 12(b)(6) motion, the legal framework of the complaint must be supported by factual allegations that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The Supreme Court has explained that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard requires that the pleader show more than a sheer possibility of success, although it does not impose a "probability requirement." *Twombly*, 550 U.S. at 556. Thus, a court must "draw on its judicial experience and common sense" to determine whether the pleader has stated a plausible claim for relief. *Id.* at 1950; *see also Brockington v. Boykins*, 637 F.3d 503, 505-06 (4th Cir. 2011).

<u>ANALYSIS</u>

Pursuant to Section 502(a)(3) of the Employee Retirement Income Security Program ("ERISA") a fiduciary has a private right of action "(A) to enjoin any act or practice which violates any provision of [ERISA] or the terms of the plan, or (B) to obtain other appropriate relief (i) to redress such violations or (ii) to enforce any provisions of [ERISA] or the terms of the plan." 29 U.S.C. § 1132(a)(3). According to the Supreme Court's interpretation, "the term 'appropriate relief' in § 502(a)(3) [refers] to 'those categories of relief' that traditionally speaking (*i.e.*, prior to the merger of law and equity) 'were typically available in equity." *CIGNA Corp. v. Amara*, __ U.S. __, 131 S. Ct. 1866, 1878 (2011) (emphasis in original) (citations omitted). The statute also "provide[s for] adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth specific reasons for such denial, written in a manner calculated to be understood by the participant. 29 U.S.C. § 1133(1). Where a claim is denied, the benefit plan must "afford a reasonable opportunity to any participant . . . for full and fair review by the appropriate named fiduciary of the decision denying he claim." *Id.* § 1133(2). "[G]enerally a claimant must exhaust the administrative remedies provided in an employee benefit plan before prosecuting an ERISA claim in federal court." *DuPerry v. Life Ins. Co. of N. Am.*, 632 F.3d 860, 875 (4th Cir. 2011).

As mentioned above, Plaintiffs assert a claim for a constructive trust or equitable lien in Count I and for unjust enrichment in Count II pursuant to Section 502(a)(3) of ERISA. However, "[a] constructive trust is an equitable remedy, not a cause of action in and of itself." *Lyon v. Campbell*, 33 F. App'x 659, 663 (4th Cir. 2002). Under Maryland law, the

5

constructive trust is a remedy for unjust enrichment claims. *See Washington Suburban Sanitary Comm'n v. Utilities, Inc.*, 775 A.2d 1178, 1200 (Md. 2001). Specifically, "[t]he remedy is available only: (1) when property is acquired by fraud, misrepresentation, or other improper method; or (2) where the circumstances would render it inequitable for the party holding title to retain it, such as unjust enrichment." *Wimmer v. Wimmer*, 414 A.2d 1254, 1258 (Md. 1980). Accordingly and in line with Judge Hollander's recent opinion in *Talbot*, the Court understands the Complaint in this case "as asserting a single cause of action for unjust enrichment, with two requests for relief: a request for the imposition of a constructive trust or equitable lien (Count I), and a request for restitution in the form of an award of money damages (Count II)." *J.J. Crewe & Son, Inc. Profit Sharing Plan, et al. v. Talbot*, ELH-11-2871, 2012 WL 1994778 at *8 (D. Md. June 1, 2012).

Under Maryland law, an unjust enrichment claim requires three elements: "(1) a benefit conferred upon the defendant by the plaintiff; (2) an appreciation or knowledge by the defendant of the benefit; and (3) the acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without the payment of its value." *Abt Assocs., Inc. v. JHPIEGO Corp.*, 104 F. Supp. 2d 523, 535 (D.Md.2000). Plaintiffs have alleged that Defendant received an overpayment, that he is aware of it and that he was not entitled to it. As such, Plaintiffs have alleged all three elements in this case, thus the claim remains pending against Defendant Orye within the context of Count I as explained above.

In his motion to dismiss, Defendant Orye argues four grounds for the dismissal of Plaintiffs' Complaint: (1) Count I fails as a matter of law because Defendant no longer has

possession or control over the disbursed funds nor was he under any Plan imposed obligation to make any form of repayment; (2) Count II seeks an award for money damages which does not constitute "appropriate equitable relief" under Section 502(a)(3) of the Employee Retirement Income Security Program ("ERISA"); (3) Plaintiffs accepted liability for the accuracy of disbursements; and (4) Plaintiffs failed to comply with the reverse exhaustion rule prior to bringing this action.  As in *Talbot*, Defendant's argument that Count II should be dismissed because such relief is not available under Section 502(a)(3) of ERISA is "meritorious."  *Id.*  However, "[r]esolution of [the] remaining contentions depends upon matters outside the pleadings . . . [and] require[s] further factual development through discovery."  *Talbot*, ELH-11-2871, 2012 WL 1994778 at *3.

With respect to Count I, Defendant acknowledges that a constructive trust or equitable lien represents "equitable relief" in accordance with Section 502(a)(3).  Def.'s Mot. to Dismiss at 1-2, ECF No. 7;  *see also Sereboff v. MidAtlantic Medical Services Inc.*, 547 U.S. 356, 362 (2006) and *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 214 (2002) (holding that the imposition of a constructive trust or equitable lien is an equitable remedy). However, he argues that Plaintiffs' request for a constructive trust or equitable lien should be dismissed for failure to state a claim because he no longer has control over the funds.  When ruling on a motion to dismiss pursuant to Rule 12(b)(6), this Court must "accept the well-pled allegations of the complaint as true, . . . [and] construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff."  *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).  Accordingly, Plaintiffs are not required to prove that Defendant has control over the funds, but must merely assert it in the Complaint.

Plaintiffs' have done so in this case and have properly alleged a claim for unjust enrichment. Additionally, because a constructive trust or equitable lien represents an available remedy under Section 502(a)(3), Plaintiffs' claim in Count I remains alleged against Defendant.[3]

Concerning Count II, Defendant correctly argues that an award for monetary damages is not an available remedy under Section 502(a)(3) of ERISA.  In *Mertens v. Hewitt Associates*, the Supreme Court declined to include monetary damages in the categories of relief available under Section 502(a)(3).  508 U.S. 248, 256 (1993).  Specifically, it held that "limiting the sort of relief obtainable under § 502(a)(3) to 'equitable relief' in the sense of 'whatever relief a common-law court of equity could provide in such a case' would limit the relief not at all."  *Id.* at 257.  Later in *Great-West Life & Annuity Insurance Company v. Knudson*, the Supreme Court determined that "an injunction to compel the payment of money past due under a contract, or specific performance of past due monetary obligation," as well as restitution in the form of "the imposition of personal liability for the benefits . . . conferred" were essentially efforts to seek monetary relief and therefore remedies at law and not equity. 534 U.S. 204, 210-214 (2002).  Finally, the Court of Appeals for the Fourth Circuit in applying the *Great-West* decision concluded that a "claim for unjust enrichment is arguably unauthorized under" § 502(a)(3).  *Provident Life & Accident Ins. Co. v. Cohen*, 423 F.3d 413, 425 (4th Cir. 2005).  As a result, "imposition of personal liability for money damages is not 'equitable relief,' permitted under § 502(a)(3) of ERISA, regardless of whether a claim seeking such relief is characterized as a claim for 'unjust enrichment' " *Talbot*, ELH-11-2871,

---

[3] Mr. Orye's remaining arguments concerning Plaintiffs' acceptance of liability and failure to exhaust the "reverse exhaustion rule" cannot be resolved at this time as they require a review of materials outside of the pleadings.  Such an analysis is generally appropriate after the completion of discovery and in the context of a motion for summary judgment.

2012 WL 1994778 at *8.  It thus follows that Plaintiff's claim for an award of monetary damages in Count II is DISMISSED WITH PREJUDICE.

<u>CONCLUSION</u>

For the reasons stated above and in concurrence with the opinion of Judge Hollander in *J.J. Crewe & Son, Inc. Profit Sharing Plan, et al. v. Talbot*, ELH-11-2871, 2012 WL 1994778 (D. Md. June 1, 2012), Defendant Chad E. Orye's Motion to Dismiss (ECF No. 7) is DENIED in part and GRANTED in part.  Specifically, the motion is DENIED with respect to Count I of Plaintiffs' Complaint, but GRANTED with respect to Count II of Plaintiffs' Complaint, which is DISMISSED WITH PREJUDICE.  As a result, Count I of Plaintiffs' Complaint remains asserted against Defendant.

A separate Order follows.

Dated:          June 19, 2012                    /s/_____
                                                 Richard D. Bennett
                                                 United States District Judge